UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------X
CAPITOL RECORDS, INC. et al.

     Plaintiffs,                     MEMORANDUM AND ORDER

  -against-                    Civil Action No.
                                    CV-04-4649(DGT)
CARMEN THOMAS AND OHROHN THOMAS

     Defendants.

-------------------------------X

Trager, J:

**Background**

Plaintiffs Capitol Records, Inc., et al. ("plaintiffs") filed this copyright infringement action against pro se defendant Carmen Thomas ("Carmen" or "Carmen Thomas") on October 28, 2004 and filed an amended complaint against pro se defendant Ohrohn Thomas ("Ohrohn" or "Ohrohn Thomas"), Carmen's son, on March 28, 2006, asserting claims under the Copyright Act, 17 U.S.C. § 101, et seq.

Carmen Thomas answered the complaint on December 9, 2004 and appeared at an initial conference on February 10, 2005, where Magistrate Judge Levy set a discovery schedule. By a letter dated July 19, 2006, plaintiffs' counsel informed the court that defendant Carmen Thomas had cut off all communications with plaintiffs, had failed to appear for two scheduled depositions and had failed to comply with a court order compelling her to appear for a deposition. See Letter from Richard L. Gabriel,

Esq., dated July 19, 2006. She also failed to appear for a scheduled court conference on July 31, 2006. Id. Plaintiffs now move for default judgment against Carmen Thomas under Rules 37 and 55 of the Federal Rules of Civil Procedure ("FRCP") for her failure to comply with her discovery obligations.

Ohrohn Thomas failed to answer the complaint in this action and the clerk of the court entered default judgment against him on October 17, 2006. As such, plaintiffs also move for default judgment against Ohrohn Thomas under FRCP 55.

Although defendants did not file opposition papers, Carmen and Ohrohn Thomas both appeared via telephonic conferences held February 6, 2007 and April 4, 2007 and asked that the court consider the statements made during these conferences, in addition to letters dated December 12, 2006 and December 15, 2006, and filed February 2, 2007, in deciding the default motions. Apr. 4, 2007 Tr. at 4:22-5:4; 6:9-17; 15:15-19.

**Discussion**

**(1)**

**Default Judgment as a Sanction under FRCP 37**

If a party fails to obey a discovery order, Rule 37 of the FRCP gives a district court the discretion to choose among a number of sanctions, including the grant of default judgment. See, e.g., Design Strategy, Inc. v. Davis, 469 F.3d 284, 294 (2d

Cir. 2006). ("A district court has wide discretion in imposing sanctions, including severe sanctions, under Rule 37(b)...."). However, because the grant of default judgment as a sanction is considered "harsh," it is to be used only in "extreme circumstances," and, thus, will only be appropriate "after (a) the court finds willfulness, bad faith, or fault on the part of the party refusing discovery, and (b) the court gives notice, especially to a pro se litigant, that violation of the court's order will result" in a litigation-ending sanction, such as default judgment. Simmons v. Abruzzo, 49 F.3d 83, 88 (2d Cir. 1995). See also Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990); Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986). Failure to comply with a discovery order will be considered "willful" when "'the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control.'" John Wiley & Sons, Inc. v. Elhalis, No. 05-CV-2979, 2006 WL 406311, at *3 (S.D.N.Y. Feb. 14, 2006) (Report and Recommendation) (quoting Casilla v. New York State Dep't of Labor, No. 04-CV-6694, 2005 WL 3502050, at *5 (S.D.N.Y. Dec. 21, 2005). Additionally, because "[p]ro se litigants are generally unfamiliar with the procedures and practices of the courts and, while no one has a right to ignore or flout court orders and rules, pro se litigants 'must nonetheless be made aware of the

3

possible consequences of their actions.'" Smith v. Empire of America Realty Credit Corp., No. 94-CV-0786, 1999 WL 66690, at *3 (W.D.N.Y. Jan 11, 1999) (quoting Bobal, 916 F.2d at 764). Thus, default should be granted only when the pro se litigant deliberately frustrates the process, "not when they do so 'through misunderstanding.'" Salahuddin, 782 F.2d at 1132 (quoting Weiss v. Bonsal, 344 F.2d 428, 430 (2d Cir. 1965) (per curiam). Courts also consider the reasons for and duration of the noncompliance, the effectiveness of lesser sanctions and prejudice to the moving party in deciding whether to grant default judgment. See, e.g., Dodson v. Runyon, 86 F.3d 37, 40 (2d Cir. 1996); Wilson v. Cabrini Center for Nursing and Rehab., No. 04-CV-608, 2007 WL 1343673, at *2 (E.D.N.Y. Apr. 17, 2007) (citing Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002).

**(2)**

**Default Judgment under FRCP 55**

Following a defendant's failure to plead or defend as required by the FRCP, the clerk of the court will enter default upon a plaintiff's request. FRCP 55(a). Then, the defendant has an opportunity move to set aside an entry of default for "good cause shown." FRCP 55(c). Whether "good cause" is deemed to have been shown depends on three considerations: "whether the

4

default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981) (citations omitted). The decision whether to grant default judgment or relief from entry of default under FRCP 55(c) is left "to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). "[A]s a general rule, a district court should grant a default judgment sparingly and grant leave to set aside the entry of default freely when the defaulting party is appearing pro se." Id. at 96. Finally, if the FRCP 55(c) motion is not made or is unsuccessful, the court may enter judgment by default or, if the defendant has not appeared, the clerk may enter judgment by default. FRCP 55(b).

Ohrohn Thomas's opposition to plaintiffs' motion for a default judgment (via his December 12, 2006 letter and two telephonic conference appearances) will be treated as a motion to set aside the entry of a default, despite the absence of a formal FRCP 55(c) motion. See, e.g., Meehan, 652 F.2d at 276 (noting that "opposition to a motion for a default judgment can be treated as a motion to set aside the entry of a default despite the absence of a formal Rule 55(c) motion.").

## Application to Defendants

Here, both Carmen and Ohrohn Thomas are appearing pro se. From the statements made during the conferences, as well as the letters submitted to this court, it appears that Carmen's and Ohrohn's respective failures to comply with discovery deadlines were not deliberate attempts to frustrate the discovery process; instead, they were the result of correspondence being mailed to incorrect addresses caused by Carmen's and Ohrohn's move to Georgia[1] as well as the their misunderstanding of how to deal with the litigation process. See Letter from Ohrohn Thomas, filed Feb. 2, 2007 (stating he did not receive letters from plaintiffs until December 6, 2006); Letter from Carmen Thomas, filed Feb. 2, 2007 (stating she moved to Georgia and did not receive mail from plaintiffs); Feb. 6, 2007 Tr. at 16:12-21 (Ohrohn stating he indicated to plaintiffs that he was moving and left a forwarding address, but did not receive mail from plaintiffs in Georgia); Apr. 4, 2007 Tr. at 3:16-23 (Carmen

---

[1] During the February 6, 2007 and April 4, 2007 telephonic conferences, Carmen and Ohrohn Thomas testified that they both moved to Atlanta and alerted plaintiffs of this fact. See, e.g., Feb. 6, 2007 Tr. at 10:5-22 (Carmen stating: "I did tell counsel I was moving [to Georgia].") Feb. 6, 2007 Tr. at 16:12-21 (Ohrohn stating: "I did tell the person that I am moving to Atlanta because of a job transfer."). Plaintiffs' counsel corroborated this as to Carmen Thomas, stating that she had indicated to him that she planned to move to Georgia, but did not provide a specific forwarding address. Feb. 6, 2007 Tr. at 11:13-21.

6

explaining that she did not formally respond to the motion for default judgment against her because she was confused how to respond).

It should also be noted that defendants have shown a willingness to actively participate in discovery moving forward. Ohrohn stated that plaintiffs have his new address and cell phone number and that he is willing to attend future depositions. <u>See, e.g.</u>, Apr. 4, 2007 Tr. at 4:14-16 ("If the plaintiffs want to do another [deposition], we can do that. That's no problem."). Carmen stated that she is "always ready and willing to appear at any scheduled deposition regarding this case." Letter from Carmen Thomas, filed Feb. 2, 2007.

Based on these facts, plaintiffs motion for default judgment against Carmen Thomas is denied. As discussed above, neither bad faith nor willfulness is present here. Carmen stated that, after her move to Georgia, she did not receive any mail regarding this case until late 2006, <u>see</u> Feb. 6, 2007 Tr. at 10:17-24, and plaintiffs state that they mailed the deposition notices to Carmen's last known address. Pls' Mem. of Law in Supp. of Mot. for Default Against Carmen Thomas, at 3. Thus, it appears Carmen's failure to appear at the depositions was not willful, but instead due to failure to receive notice of the scheduled depositions. Furthermore, the court has not, heretofore, warned her that her failure to comply with discovery rules could result

in default judgment entered against her.  Finally, the plaintiffs have not claimed that they would be prejudiced.  Thus, in light of Carmen Thomas's pro se status, the lack of bad faith on her part and the court's failure to warn her of the consequences of her actions, default judgment is not warranted.  See Brown v. Wright, No. 05-CV-822007, 2007 WL 1237677, at *2 (N.D.N.Y. Apr. 27, 2007) ("Given the latitude that courts afford pro se plaintiffs, in addition to the absence of willfulness or bad faith on Plaintiff's part, coupled with Plaintiff's lack of notice of the consequences of his failure to appear for his deposition the Court . . . denies Defendants' motion to dismiss pursuant to Rule 37 of the Federal Rules of Civil Procedure"); Smith, 1999 WL 66690, at *3 ("[W]hile the failures to appear at a deposition and to respond to a document request doubtless reflect a dilatory approach to litigation, they do not, without more, warrant the imposition of [FRCP] 37's most severe sanction."); Scott v. Town of Cicero Police Dept., Nos. 96-CV-1614 & 96-CV-1613, 1999 WL 102750, at *2 (N.D.N.Y. Feb. 24, 1999) (denying dismissal of suit under FRCP 37 even though the court found that pro se plaintiff willfully disregarded court orders and procedural requirements because the record did not "show that the court ever cautioned the plaintiff that the continuation of his intransigent behavior could result in dismissal of the suit.").  Accordingly, plaintiffs' motion for default judgment as

8

to Carmen Thomas is denied.

As to Ohrohn Thomas, the amended complaint adding him as a defendant was served March 28, 2006 and the clerk's entry of default was entered on October 17, 2006. In his letter, Ohrohn stated that he did not receive any correspondence from plaintiffs until December 6, 2006. See Letter from Ohrohn Thomas, filed Feb. 2, 2007. Thus, it appears that Ohrohn's failure to answer the complaint was not willful, but instead due to failure to receive notice of his inclusion in the lawsuit. Furthermore, although not raised by plaintiffs, it is clear that setting aside the entry of judgment and allowing Ohrohn to file a late answer will not prejudice plaintiffs. Plaintiffs seek to hold both Carmen and Ohrohn Thomas jointly and severely liable for infringement of the same songs downloaded to the same computer. As such, much of the discovery plaintiffs have undertaken and will continue to undertake for their case against Carmen will be applicable in their case against Ohrohn. The minimal delay caused by Ohrohn's failure to answer will not impede this process. Accordingly, plaintiffs' motion for default judgment as to Ohrohn Thomas is denied and the clerk's entry of default as to Ohrohn Thomas is vacated pursuant to FRCP 55(c).

While the current situation does not merit the grant of default judgment, both defendants must comply with all future discovery orders; Ohrohn must file an answer, both Carmen and

Ohrohn must be in contact with plaintiffs, appear at any scheduled depositions and send written notice of any subsequent changes in their contact information to the Clerk of Court. If either Carmen or Ohrohn Thomas fails to abide by any of these requirements, having now had notice that such failure could warrant a grant of default judgment against them, the Court will not hesitate to grant default judgment as a sanction against them.

## Conclusion

Plaintiffs' motion for default judgment as to Carmen Thomas is denied. Plaintiffs' motion for default judgment as to Ohrohn Thomas is denied and the clerk is directed to vacate the October 17, 2006 entry of default as to Ohrohn Thomas.

Dated:   Brooklyn, New York
         July 16, 2007

                                  SO ORDERED:


                                       /s/
                                  David G. Trager
                                  United States District Judge